FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 13, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JOSE RIERA,

                  Plaintiff,

    v.

CENTRAL WASHINGTON UNIVERSITY; JAMES WOHLPART, an individual; RUTH ERDMAN, an individual; LUCINDA CARNELL, an individual; SATHYANARAYANAN RAJENDRAN, an individual; JOHN MACARTHUR, an individual; BRIAN MCGLADREY, an individual; STACI SLEIGH-LAYMAN, an individual; and KURT KIRSTEIN, an individual,

                  Defendants.

No. 1:24-CV-3147-RLP

**ORDER GRANTING MOTION TO EXTEND DISCOVERY AND SCHEDULING JURY TRIAL**

**JURY TRIAL SCHEDULED FOR DECEMBER 1, 2025**

A video conference was held in this matter on June 12, 2025 to address a discovery dispute between the parties. Erica Anne St Louis appeared on behalf of Plaintiff. Elizabeth Anne Olsen appeared on behalf of Defendants.

At the hearing, the Court addressed Plaintiff's motion for an extension of

**JURY TRIAL SCHEDULING ORDER** ~ 1

time to complete discovery, ECF No. 60. The motion requests an extension of the briefing schedule due to the failure of Plaintiff's counsel to complete discovery within the time frame set by the Court's February 10, 2025 scheduling order. Defendants oppose the motion to extend time.

For the reasons set forth on the record and as explained below, the Court **GRANTS** Plaintiff's Motion to Extend Discovery, ECF No. 60. However, Ms. St Louis's error warrants an imposition of sanctions limiting the scope of discovery and monetary sanctions for fees Defendants incurred in litigating this discovery dispute.[1]

*Extending Discovery*

FRCP 16(b) provides that "the parties are bound by the dates specified in the scheduling order. A schedule may be modified only for good cause." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, courts consider the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the

---

[1] The briefing schedule for motions related to sanctions is set forth in the Scheduling Order, attached hereto.

**JURY TRIAL SCHEDULING ORDER** ~ 2

    need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

  The "focus of inquiry" for determining whether good cause exists is "whether the party seeking modification has been diligent." *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, at 609. "Diligence" in a FRCP 16(b) context generally concerns whether there is any unnecessary delay in bringing the motion to amend – where a party fails to timely bring a motion to amend in response to some error or confusion with the scheduling order, he or she does not act diligently. *See Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

  Because Defendants oppose the motion, the second factor weighs against granting the Motion. The fifth factor, foreseeability, also weighs against granting the Motion. The parties agreed to an accelerated scheduling order at the Case Scheduling Conference on February 7, 2025 despite the Court raising concerns about insufficient time. *See* ECF Nos. 36 and 37. Thus, it was entirely foreseeable that Plaintiff would fail to complete discovery within the allotted time factor.

  The remaining factors weigh in favor of granting the motion. As to the first

**JURY TRIAL SCHEDULING ORDER** ~ 3

factor, because trial is not scheduled to occur until September 22, 2025, an extension will not require the parties to be conducting discovery on the eve of trial. With regard to the third factor, Defendants will suffer no substantive prejudice to their case by granting an extension. As to the fourth factor, Ms. St Louis was in constant communication with Defendants, even notifying them of her unavailability prior to the discovery deadline. More importantly, Ms. St Louis acted diligently to rectify her error once she discovered she had missed the discovery deadline. Ms. St Louis promptly emailed opposing counsel and requested an extension, and once that was not forthcoming, filed the instant motion. Finally, Mr. Riera has not yet conducted any discovery, satisfying the sixth factor.

      In sum, the Court finds good cause to grant the motion to extend time. While the need to reopen discovery is entirely the fault of Ms. St Louis' negligence and lack of foresight, she did act diligently to rectify her error once it was realized, and an extension would not unduly prejudice Defendants.

*Sanctions*

      Under FRCP 16(f), the Court may, on its own motion, impose sanctions if any party or its attorney fails to obey a scheduling order. Sanctions may include those authorized by Rule 37(b)(2)(A)(ii)-(vii). In addition to any other sanction, the Court must order the offending party, its attorney, or both, to pay to the reasonable

**JURY TRIAL SCHEDULING ORDER** ~ 4

expenses, including attorney fees, incurred because of any noncompliance with the Rule.

Ms. St Louis' failure to comply with the discovery deadline warrants an imposition of sanctions. The Court will accordingly limit the discovery Plaintiff may conduct to a single set of requests for production of documents, and five depositions, representing the discovery she previously requested from Defendants. ECF No. 59, ¶6. Furthermore, Ms. St. Louis is personally ordered to pay Defendants' reasonable attorney fees incurred in responding to her motion.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Extend Time, ECF No. 60, is **GRANTED** for the reasons set forth herein.

2. Plaintiff's Motion to Expedite, ECF No. 58, is **DENIED** as moot.

3. By **June 20, 2025**, Defendants shall file briefing relating to sanctions, including a detailed accounting of reasonable attorneys fees and costs incurred in litigating this discovery dispute, supported by contemporaneous time records and billing statements. Plaintiff shall have until **June 27, 2025** to file and serve any objections to the reasonableness of the requested fees and costs.

4. The dates set forth in the February 7, 2025 Scheduling Order, ECF No. 37, are hereby **STRICKEN.** Jury trial is rescheduled to commence on **December 1, 2025** at **9:30 a.m.** in Yakima, Washington. The trial is estimated to last

**JURY TRIAL SCHEDULING ORDER ~ 5**

two weeks. An in-person pretrial conference will be held on **November 13, 2025,** at **9:30 a.m**. in Yakima, Washington.

     5.    The Parties shall refer to the February 7, 2025 Scheduling Order, *id*., for details regarding professionalism and court assisted mediation, as well as rules related to discovery, trial submissions, and modifications to the Schedule.

     6.    The Parties shall disclose their FRCP 26 motions forthwith. These initial disclosures shall not be filed with the Court.

     7.    *Daubert* motions, and any motions to amend pleadings or add named parties shall be filed and served forthwith. If the party challenging expert testimony anticipates that an evidentiary hearing shall be required, the party shall so advise the Court and opposing counsel in conjunction with the filing of its motions.

     8.    All discovery shall be completed on or before **July 30, 2025.**

     9.    All dispositive motions shall be filed and served on or before **August 6, 2025**.

     10.    Motions *in limine* shall be filed and served on or before **October 20, 2025.** Responses shall be filed and served on or before **October 27, 2025.** Replies shall be filed and served on or before **November 3, 2025.** Motions *in limine* shall be noted for hearing at the pretrial conference.

     11.    Exhibit lists and witness lists shall be filed and served and exhibits made available for inspection (or copies provided), on or before **October 20, 2025.**

**JURY TRIAL SCHEDULING ORDER** ~ 6

The witness list shall include identification of each witness's testimony. Where feasible, all exhibits identified in depositions shall be pre-marked with the exhibit numbers that will be used at trial. Plaintiff's trial exhibits are to be numbered 1 through 199; Defendant's exhibits are to be numbered 200 and following. Objections to the opposing party's witness list or exhibit list and any accompanying briefs shall be filed and served on or before **October 27, 2025.** Responses, if any, to objections shall be filed and served on or before **November 3, 2025.**

      12.    A pretrial exhibit stipulation shall be filed on **November 6, 2025.** Objections to witness and exhibits shall be heard at the pretrial conference. This shall contain each party's numbered list of all trial exhibits with the opposing party's objections to each exhibit, including the basis of the objection and the offering party's brief response. All exhibits to which there is no objection shall be deemed admitted, subject to any objections at trial that could not be raised in advance.

      13.    The parties shall notify the Court on or before **November 3, 2025,** whether deposition testimony will be used at trial. The Court will then schedule a hearing to review all designated testimony and objections so that a final edited version of the deposition testimony can be prepared for trial.

      14.    A joint Pretrial Order, prepared in accordance with the format provided in Local Rule 16.1(b), shall be filed on or before **November 13, 2025,**

**JURY TRIAL SCHEDULING ORDER** ~ 7

and a copy e-mailed in Word format to the Court at PennellOrders@waed.uscourts.gov. The list of exhibits contained in the joint Pretrial Order shall reflect the exhibit marking scheme described above. In preparing the joint Pretrial Order, the parties shall confer regarding duplicate exhibits and determine which party will submit such exhibits for trial.

15. No later than **November 6, 2025,** the Parties shall file trial briefs and voir dire, as well as jointly proposed jury instructions. The parties shall confer regarding jury instructions and file jointly proposed jury instructions and a table of proposed Jury Instructions. The jointly proposed Jury Instructions should address only issues that are unique to this case and shall include instructions regarding the elements of each claim, any necessary definitions, and a proposed verdict form. If any proposed instruction is a modified version of model instructions or deviate from model instructions, the parties shall identify the modification and cite legal authority for the modification.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** June 13 2025

_____
REBECCA L. PENNELL
United States District Judge

**JURY TRIAL SCHEDULING ORDER** ~ 8