David L. Force
Assistant Attorney General
1116 W. Riverside, Suite 100
Spokane, WA 99201
509-456-3123

THE HONORABLE REBECCA L. PENNELL

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| JOSE RIERA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL WASHINGTON UNIVERSITY; JAMES WOHLPART, an individual; RUTH ERDMAN, an individual; LUCINDA CARNELL, an individual; SATHYANARAYANAN RAJENDRAN, an individual; JOHN MACARTHUR, an individual; BRIAN MCGLADREY, an individual; STACI SLEIGH-LAYMAN, an individual; and KURT KIRSTEIN, an individual,<br><br>Defendants. | NO. 1:24-cv-03147-RLP<br><br>DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS UNDER CR 12(B)(6) AND MOTION FOR SUMMARY JUDGMENT UNDER CR 56<br><br>**NOTED ON MOTION CALENDAR**: March 25, 2026 @ 9:00 AM<br><br>**WITH ORAL ARGUMENT** |

## I. INTRODUCTION

Plaintiff offers no evidence to substantiate his claims in this case. Throughout his response, plaintiff fails to identify the specific act taken by each defendant

which would establish a valid cause of action. His failure to identify each act by the defendants requires this court to dismiss his causes of action.

## II. AUTHORITY

Reira fails to identify any specific actions of the defendants that establishes his claims in this case. All Riera has done is submit a significant amount of documents and has asked this court to find a question of fact in the voluminous documents.

### A. Riera fails to identify actionable claims against most defendants.

Plaintiff does not address how the actions of several defendants establish his causes of action. Riera has claims against Lucinda Carnell, Sathyanaray Rajendran, John Macarthur,Brian McFladrey, Staci Sleifh-Layman and Kurt Kirstein. ECF 12. None of these individual defendants' actions are described in Riera's Response. Riera's briefing does not address or articulated how the actions of these individually named defendants establish his causes of action. As such, the court should dismiss all claims against these individual defendants as Riera has provided no legal authority that his claims have merit.

Additionally, the University should be dismissed as a result of its Eleventh Amendment immunity.[1] Under the Eleventh Amendment, it is well settled that immunity predicated on the Eleventh Amendment precludes suits in federal court

---

[1] Defendant does not object to Rier filing a surreply on this limited issue as it was not briefed in the University's opening brief.



ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
509-456-3123

against states, state agencies and state officials sued in their official capacity. *Lund v. Cowan*, 20-55764, 2021 WL 2965447 *4 (9th Cir. July 15, 2021). The grant of supplement jurisdiction under "§ 1367 does not extend to claims against nonconsenting State Defendants." *Raygor v. Regents Univ. of Minnesota* 534 U.S. 533, 541-42 (2002). Universities in Washington are considered state agencies. University of Washington v. City of Seattle, 188 Wn.2d 823, 839 (2017) (Holding the University of Washington is a state agency). Since the University is a state agency in Washington the Eleventh amendment prohibits this court from exercising jurisdiction over the university. As such this court should dismiss all claims against the University.

**B. <u>Riera Has no Viable Claim for Breach of Employment Agreement</u>**

Riera has failed to identify a single issue that he was wrongfully terminated under the CBA. Riera's complaint asserts that he was wrongfully terminated in violation of the CBA and now has responded to summary judgment by asserting only a violation of the CBA claim. No evidence establishes either of these claims.

**1. No evidence of a CBA breach.**

Riera's claim that the placement on administrative leave was a breach of the CBA is not supported by the evidence. Riera's belief that placement on admirative leave is the equivalent of discipline is not supported by the CBA and is insufficient to establish a cause of action. The CBA outlines the types of discipline under paragraph 26.2. The CBA does not determine or state that

administrative leave is discipline and as such plaintiff's claims fail. Moreover, Riera failed to exhaust his administrative remedies on this new claim. "The doctrine of exhaustion of administrative remedies is well established in Washington." *Smith v. Bates Tech. Coll.*, 139 Wn.2d 793, 808, 991 P.2d 1135 (2000). "In general, where a collective bargaining agreement establishes grievance and arbitration procedures for the redress of employee grievances, an employee must exhaust those procedures before resorting to judicial remedies." *Lew v. Seattle Sch. Dist. No. 1*, 47 Wn. App. 575, 736 P.2d 690 (1987) (collecting cases); *see also Ervin v. Columbia Distrib., Inc.*, 84 Wn. App. 882, 887, 930 P.2d 947 (1997) (citing *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652-53 (1965)) ("As a general rule, federal labor policy requires that an employee who alleges violation of a labor contract must attempt to use the contract's grievance procedure before seeking a judicial remedy.").

"This requirement prevents employers and employees alike from 'short-circuiting' an agreed-upon grievance procedure by resorting to the court system." *Swinford v. Russ Dunmire Oldsmobile, Inc.*, 82 Wn. App. 401, 412, 918 P.2d 186 (1996) (citing *Clayton v. ITT Gilfillan*, 623 F.2d 563, 568 (9th Cir. 1980)). "[I]f at all possible, labor disputes should be resolved within the framework of procedures approved under collective bargaining, rather than in the courts." *Id.* (quoting *Clayton*, 623 F.2d at 568).

"To determine if the rule applies, [Washington courts] examine whether the party seeking relief 'has an administrative remedy' and whether any 'attempt has been made to pursue that remedy.'" *Cost Mgmt. Servs., Inc. v. City of Lakewood*, 178 Wn.2d 635, 641, 310 P.3d 804 (2013) (quoting *Wright v. Woodard*, 83 Wn.2d 378, 382, 518 P.2d 718 (1974)). "If the party seeking relief has an administrative remedy and did not pursue it before turning to the courts, then it is error for a trial court to entertain the action." *Id.* (citing *Wright* at 382, 518 P.2d 718).

Here, it is undisputed that Riera did not file a grievance on his placement on admirative leave as authorized under the grievance provision of the CBA. ECF 87, p 72- 77. Since Riera did seek any type of remedy under the CBA, he is prohibited from seeking that remedy from this court. This court should dismiss this claim.

**2. Wrongful termination under the CBA**

Riera has not responded to this claim of termination under the CBA and this court should grant the defendants' motion on this claim. It is clear from the evidence that Riera was not terminated from employment and was compensated under the terms of his contract until it expired. Without any evidence of termination this claim should be dismissed.



ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
509-456-3123

### C. <u>Riera Has a Viable Claim for Wrongful Termination in Violation of Public Policy</u>

Riera fails to offer any evidence sufficient to establish his claim for termination in violation of public policy. Again, this claim was not pleaded in the First Amended Complaint, but there is still no evidence to establish this claim. ECF 12. "The tort for wrongful termination in violation of public policy is a narrow exception to the at-will doctrine. It generally applies in four specific scenarios: (1) where employees are fired for refusing to commit an illegal act, (2) where employees are fired for performing a **public** duty or obligation, (3) where employees are fired for exercising a legal right or privilege, and (4) where employees are fired in retaliation for reporting employer misconduct." Suarez v. State, 3 Wn.3d 404, 429-30 (2024).

The Washington Supreme Court has repeatedly emphasized that this exception is to be construed narrowly:

> Particular to this tort, however, we insisted that the public policy at issue be judicially or legislatively recognized, emphasizing that the tort is a narrow exception to the at-will doctrine and must be limited only to instances involving very clear violations of public policy. Thompson's requirement that the policy be judicially or legislatively recognized protects employers from having to defend against amorphous claims of public policy violations and addresses the employers' legitimate concern that a broad common law tort would considerably abridge their ability to exercise discretion in managing and terminating employees. This strict clarity requirement ensures that only clear violations of



ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
509-456-3123

> important, recognized public policies could expose employers to liability.

*Rose v. Anderson Hay & Grain Co.*, 184 Wn.2d 268, 275 – 76, 358 P.3d 1139 (2015).

Riera cannot establish the elements of this claim. First and most importantly, he was never terminated. Without establishing termination, he cannot prevail on this claim. Additionally, there is no evidence that he was terminated as a result of his actions under 42 U.S.C. §14501. Finally, Washington courts have never adopted or recognized a public policy under this statute. Since, 42 U.S.C. §14501 is a federal statute it does not and cannot establish Washington public policy outlined by the Court in *Rose*. As such, this court should dismiss this claim as there is no evidence of termination or that any termination was the result of a recognized public policy in Washington.

**D. <u>Riera Has no Viable Claim for Defamation</u>**

Riera fails to establish sufficient evidence to allow the claim to proceed to a jury. All of the identified statements are not probable false. Each of these statements is nothing more than opinions of the speakers, not actionable under a defamation claim. However, "'[e]xpressions of opinion are protected by the First Amendment" and 'are not actionable.'" *Valdez-Zontek v. Eastmont Sch. Dist.*, 154 Wn. App. 147, 157, 225 P.3d 339 (2010) (quoting *Robel v. Roundup Corp.*, 148 Wn.2d 35, 55, 59 P.3d 611 (2002)). In determining whether a statement is a

fact or opinion, the courts consider "(1) the medium and context in which the statement was published, (2) the audience to whom it was published, and (3) whether the statement implies undisclosed facts." *Life Designs Ranch, Inc. v. Sommer*, 191 Wn. App. 320, 331, 364 P.3d 129 (2015) (quoting *Davis v. Fred's Appliance, Inc.*, 171 Wn. App. 348, 365, 287 P.3d 51 (2012)). Here, each of the statements are opinions and are consistent with the record of the event. All of the statements identified by Riera are nothing more than statement of opinion and not actionable.

Moreover, these statements are privileged. The declarations filed in this case by Erdman cannot be defamatory. An absolute privilege protects the maker of an otherwise defamatory communication from all liability for libel or slander. *Story v. Shelter Bay Co.,* 52 Wash.App. 334, 338, 760 P.2d 368 (988). Defamatory communications made by a party or counsel in the course of a judicial proceeding are absolutely privileged if they are pertinent or material to the redress or relief sought. *McNeal v. Allen,* 95 Wash.2d 265, 267, 621 P.2d 1285 (1980); *accord,* Restatement (Second) of Torts §§ 586–87. In this case, Erdman has an absolute privilege to make statements in a court proceeding and this court must dismiss any claim for defamation based on these statements.

Finally, Washington recognizes a common interest privilege that protects all of the statements identified as defamatory by Riera. A conditional privilege attaches whenever someone with a common interest could fairly conclude the



ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
509-456-3123

recipient of the information can benefit from the information. *Moe v. Wise*, 97 Wash. App. 950, 963, 989 P.2d 1148 (1999). The speaker loses this privilege, however, if the plaintiff proves by clear and convincing evidence that the speaker abused it by knowingly or recklessly misstating facts, acting outside the shared interest, disclosing the statement beyond the privileged circle, needlessly expanding its scope, or mixing privileged with unprivileged content. *Lillig v. Becton-Dickinson*, 105 Wash. 2d 653, 658, 717 P.2d 1371 (1986); *Moe v. Wise*, 97 Wash. App. 950, 963, 989 P.2d 1148 (1999). In order to overcome this privilege, Riera must meet the higher malice standard. Carter v. Jones, 2025 WL 3761337 *18 (Dec. 30, 2025).

Each of the statements made were concerning on ongoing inquiry into the events and actions taken by Riera. The statements were made to provide information to the CWU campus. Riera cannot overcome the malicious standard or the privileges that entitled the defendants to make these statements. Riera has not even attempted to argue that he can meet this standard. As such this court should dismiss the defamation claims.

**E. <u>Riera Has no Viable Claim for Violation of 42 USC §1983</u>**

Riera does not identify the specific actions of any defendant that violated the constitution. ECF 89. More importantly, Riera does not identify what specific constitutional violations were committed. Riera's response to summary judgement is essentially that the defendants violated unknown constitutional



ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
509-456-3123

violations without specifying who or how each constitutional violation occurred. This is insufficient to defeat summary judgment. In order to establish a claim under §1983, a plaintiff must show: (1) that the official violated a statutory or constitutional right, *and* (2) that the right was "clearly established at the time of the challenged conduct." *Ashcroft*, 563 U.S. at 735 (emphasis added). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct '[t]he contours of [a] right [are] sufficiently clear that *every 'reasonable official would [have understood] that what he is doing violates that right*.'" *Id*. at 741(citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)) (emphasis added).

The moving party has the initial burden of showing which material facts lack a genuine issue; the nonmoving party must then identify specific facts where there exists a genuine issue of material fact. *T.W. Elec. Serv. Inc.*, 809 F.2d at 630. A nonmoving party "may not rely on the mere allegation in the pleadings in order to preclude summary judgment." *Id.* Instead, they "must produce at least some significant probative evidence [and inferences] in the light most favorable to the non-moving party." *Id.* 809 F.2d, 630. Summary Judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Lujan v. National Wildlife Fed'n.*, 497 U.S. 871, 884 (1990).



ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
509-456-3123

Riera's failure to identify any defendant or constitutional violation and to rely solely on argumentative assertions that he can survive summary judgment are insufficient. Riera fails to offer evidence of a constitutional violation or that the right was clearly established at the time as required by *Ashcroft*. Given the failure to provide evidence or argument on this issue, this court should dismiss all §1983 claims against the defendants.

**F. <u>Riera Has a Viable Claim for Outrage</u>**

Riera cannot establish the elements of outrage. Nothing about the actions taken by the University were outrageous. Riera does not actually identify the specific outrageous act taken by the university but argues termination is sufficient. As argued above, the University never terminated Riera. The University was dealing with a situation as a result of Riera's actions. The University's actions to place Riera on administrative leave and begin an inquiry into the incident are not sufficient to establish the tort of outrage. Placement on administrative leave is not unusual and definitely not beyond all possible bounds of human decency or regarded as atrocious or utterly intolerable in a civilized community. See, *Dicomes v. State*, 113 Wn.2d 612, 630 (1989). Since the record is devoid of any qualifying act by the defendants, this court should dismiss Riera's claim for outrage.

## III. CONCLUSION

Riera fails to identify or examine how the actions of the defendants



ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
509-456-3123

establish his causes of action. Without evidence establishing his cause of action, Riera cannot rely solely on argumentative assertions that factual issues remain. Therefore, this court should dismiss the plaintiff's complaint.

DATED this 10th day of March, 2026.

NICHOLAS W. BROWN
Attorney General

*s/ David L. Force*

David L. Force, WSBA No. 29997
Attorney for the Defendants
Attorney General's Office, Torts Division
1116 W. Riverside, Suite 100
Spokane, WA 99201
Phone: 509-456-3123
Email: david.force@atg.wa.gov

## CERTIFICATE OF SERVICE

I certify that I caused to be electronically filed the foregoing document with the CM/ECF system and the registered parties, and that I sent a copy of such filing in the mail to the non-ECF participant as follows:

| Party: | Method of Service: |
|---|---|
| *Attorney for Plaintiff:*<br><br>Erica A. St. Louis WSBA No. 28793<br><br>BPE LAW<br>700 E. Mountain View Avenue<br>Suite 508<br>Ellensburg, WA 98926 | ☒ CM/ECF<br>☒ via Email per Electronic Service Agreement:<br>- EastLouis@bpelaw.com<br>- JillianS@bpelaw.com |

I certify under penalty of perjury under the laws of the United States of America and the State of Washington that the foregoing is true and correct.

DATED this 10th day of March, 2026, at Seattle, Washington.

*s/ David L. Force*
David L. Force, WSBA No. 29997
Attorney for the Defendants
Attorney General's Office, Torts Division
1116 W. Riverside, Suite 100
Spokane, WA 99201
Phone: 509-456-3123
Email: david.force@atg.wa.gov