David L. Force, WSBA No. 29997
Assistant Attorney General
1116 W. Riverside Avenue, Suite 100
Spokane, Washington 99201-1194
509-456-3123

**THE HONORABLE REBECCA L. PENNELL**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| JOSE RIERA, an individual,<br>Plaintiff,<br>v.<br>RUTH ERDMAN, an individual,<br>Defendant. | NO. 1:24-cv-03147-RLP<br>DEFENDANT'S TRIAL BRIEF |

## I. INTRODUCTION

The evidence will establish that the statement made by Defendant Ruth Erdman was not defamatory. Additionally, Erdman's statement that the incident involving Professor Bobby Cummings "was an incident of blatant racial profiling" is a truthful and accurate statement but also one of opinion and not defamatory.

## II. FACTUAL BACKGROUND

Plaintiff Jose Riera reported to law enforcement that an older woman, apparently homeless, was wondering around the Samuelson Building and wanted


ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

to report this before things got out of control. When Officer Mackenzie Erickson arrived, she spoke with the individual who was seated in Samuelson. Professor Cummings identified herself to Officer Erickson and informed her that she was in the building because she needed a rest. Professor Cummings is an African American woman. Officer Erickson described her as not appearing to be a transient and the body camera footage indicates that she was not homeless or a transient.

Following the encounter with Officer Erickson, Professor Cummings reported to her department that she was subjected to "racial profiling." Officer Erickson then spoke with Riera and informed him that the woman was not a transient but a professor. Riera and Professor Cummings had prior interactions on campus. Riera stated that he wanted to prevent further issues after witnessing a disturbance at a coffee shop. Officer Erickson reviewed CAD reports and was unable to find a report of a disturbance to corroborate Riera's claim.

Erdman who is a member of the faculty senate representing the non-tenured faculty was present during the April 3, 2024, senate meeting where President James Wohlpart discussed this incident and the University's response. As a friend of Professor Cummings, Erdman wrote an eight-page summary of the senate meeting for the purpose of informing all non-tenured professors of the contents of the meeting. Erdman will describe this as her responsibility to her



ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

constituents to keep them informed as to what is going on campus and other issues involving the faculty.

On April 6, 2024, Erdman's email contained a paragraph about the incident with Professor Cummings. At that time, Erdman did not know the name of the individual who reported Professor Cumming to campus police and her email did not identify either Professor Cummings or Riera. On April 18, 2024, Erdman issued an addendum/correction to her April 6, 2024, email where she quoted President Wohlpart's full statement.

Riera has no significant damages as he was planning on leaving the university before the April 1, 2024, incident. While Riera's actions caused many people to identify him as a racist and attack him for his actions, he is not and has not asserted claims against those individuals and he went on medical leave allegedly due to the stress of the incident on April 1, 2024, five days before Erdman's email.

## III. CURRENT POSTURE

The court has dismissed all of the other Defendants and claims against Erdman, leaving only one claim for defamation related to her email of April 6, 2024.

## IV. LEGAL ISSUES

The evidence at trial will establish that Riera's claim for defamation is without merit. Defamation is a state law claim that requires proof of eight



ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

elements: "(1) a false, (2) unprivileged (3) statement (4) of fact, not opinion, (5) about the plaintiff, (6) broadcasted to another, (7) with fault of the speaker, and (8) damages to the plaintiff." *Carter v. Jones*, 581 P.3d 1050, 1076 (Wash.App. 2025). Expressions of opinion, by law, cannot be defamatory. *Dunlap v. Wayne*, 716 P.2d 842, 848 (Wash. 1986). When determining if a statement is opinion, you must consider:

1. the medium and context in which the statement was published;
2. the audience to whom it was published, and
3. whether the statement implies undisclosed facts.

It is the plaintiff's burden to prove that the statement made by the defendant was a fact, and not an expression of an opinion. If Plaintiff is not able to meet his burden of proof, your verdict should be for the defendant. *Id.*

In considering the nature of the medium, statement of opinions are expected to be found more often in certain contexts, such as editorial pages or political debates. As to the nature of the audience, in the context of ongoing public debates, the audience is prepared for mischaracterizations and exaggerations and is likely to view such representations with an awareness of the subjective biases of the speaker. Thus, you should consider whether the audience expected the speaker to use exaggeration, rhetoric, or hyperbole. *Id.*

Additionally, the statement made by Erdman is entitled to a common interest privilege. The existence of the common interest privilege "is a matter of



ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

law for the court to decide." *Id*. at 958. If the privilege exists, it can be lost in two circumstances (1) if the speaker is not acting in the ordinary course of their work or (2) the speaker's statement was made with actual malice; i.e., reckless disregard for the truth. *Doe v. Gonzaga Univ.*, 143 Wn.2d 587, 703-704 (2001), *rev'd on other grounds, Gonzaga Univ. v. Doe*, 536 U.S. 273, 122 S.Ct. 2268 (2002). Whether the privilege has been lost under either scenario is a question of fact. *Id*.

In this case, the evidence will establish that the Erdman statement was one of opinion and that it was a privileged statement as she was communicating the senate information to those whom she represented but were unable to appear at the meeting. As the person who was at the center of the incident, Professor Cummings will testify that she was racially profiled and that the actions of Riera were improper. Given the anticipated testimony of Professor Cummings, it is evident that the email statement of Erdman is factually correct. There will be no evidence of defamation.



ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

## V. CONCLUSION

For the foregoing reasons the defense anticipates that a dismissal at the close of Plaintiff's case will be appropriate. Barring that outcome, the defense asks for the proffered jury instructions as noted above and the admission of evidence to support proper argument on this point at closing.

DATED this 21st day of September, 2026.

NICHOLAS W. BROWN
Attorney General

*/s/ David Force*

DAVID L. FORCE, WSBA No. 29997
BILAL SHAMSI, WSBA No. 50006
Assistant Attorneys General
Attorneys for Defendant
1116 W. Riverside Avenue, Suite 100
Spokane, Washington 99201
509-456-3123 – Telephone
david.force@atg.wa.gov
bilal.shamsi@atg.wa.gov

## CERTIFICATE OF SERVICE

I certify that I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Erica A. St. Louis, WSBA No. 28793
BPE LAW
700 E. Mountain View Avenue
Suite 508
Ellensburg, WA 98926

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 21st day of September, 2026, at Spokane, Washington.

NICHOLAS W. BROWN
Attorney General

*/s/ David Force*

DAVID L. FORCE, WSBA No. 29997
Assistant Attorney General
Attorney for Defendant
1116 W. Riverside Avenue, Suite 100
Spokane, Washington 99201
509-456-3123 – Telephone
david.force@atg.wa.gov