Erica St Louis
BPE Law Group
700 E Mountain View Ave., Ste. 508
Ellensburg, WA 98926
(509) 245 – 0400
eastlouis@bpelaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSE RIERA, an individual;<br><br>Plaintiff,<br>vs.<br><br>RUTH ERDMAN, an individual,<br>Defendant. | CASE NO. 1:24-cv-03147-RLP<br><br>RIERA TRIAL BRIEF |

Plaintiff Jose Riera ("Riera") respectfully submits the following summary of the law governing the issues presented in this action.

## I. LIABILITY FOR DEFAMATION

The matter presents a single cause of action for defamation against a single defendant, Ruth Erdman ("Erdman"). There is no state or federal pattern jury instruction for defamation and therefore the authority governing this case is based upon Washington State case law.

To establish a claim for defamation, a plaintiff must prove each of the following elements by a preponderance of the evidence:

1) The defendant made a statement concerning the plaintiff;
2) The statement was published;
3) The statement was false;
4) The statement was not privileged;
5) The defendant was at fault in making the statement; and
6) The statement proximately caused damage to the plaintiff. *Caruso v. Loc. Union No. 690,* 100 Wn.2d 343, 352 (1983); *Mark v. Seattle Times*, 96 Wn.2d 473, 486 (1981).

## A. Concerning the Plaintiff

A defendant cannot avoid liability for defamation by simply omitting the plaintiff's name in the defamatory statement. In this regard, Washington courts look to the Restatement (Second) of Torts §564 when determining whether a statement "concerns" the plaintiff. *Schmalenberg v. Tacoma News,* 87 Wn.App. 579, 601, fnt 60 (1997). Section 564 of the Restatement provides:

> A defamatory communication is made concerning the person to whom its recipient correctly, or mistakenly but reasonably, understands that it was intended to refer." Restatement (Second) of Torts §564 (1977)

Comment "a" to § 564 further explains:

> It is necessary that the recipient of the defamatory communication understand it as intended to refer to the plaintiff. If it is in fact intended to refer to him, it is enough that it is so understood even though he is so inaccurately described that it is extraordinary that the communication is correctly understood. Comment "a" to the Restatement (Second) of Torts §564 (1977)



BPE LAW GROUP
A Professional Corporation
700 E. Mountain View Ave., Suite 508
Ellensburg, WA 98926
www.bpelaw.com
509-245-0400

Here, Riera will testify that he absolutely knew that he was the subject of Erdman's statements.

**B. <u>Falsity and Opinion</u>**

A defendant cannot avoid liability for defamation by simply characterizing the defamatory statement as the defendant's "opinion." Rather, a statement of opinion constitutes a false statement for defamation purposes if it false expresses or implies facts suggesting that the plaintiff holds a belief or attitude that the plaintiff does not in fact hold. *Duc Tan v. Le,* 177 Wn.2d 649, 664-66 (2013); *Schmalenberg,* 87 Wn.App. at 592; *Law Office of Randolph, PLLC v. EWU Media, LLC,* 37 Wn.App. 77, 102-04 (2026); *Milkovich v. Lorain Journal Co.,* 497 US 1, 18-19 (1990); *Seaquist v. Caldier,* 8 Wn.App.2d 556, 566-67 (2019); Restatement (Second) Torts § 566 cmt. c (1997).

**C. <u>Publication and Privilege</u>**

Erdman claims that her statement is protected under the "common interest privilege." The common interest privilege applies when the declarant and the recipient have a common interest "in the subject matter of the communication." *Moe v. Wise,* 97 Wn.App. 950, 957-58 (1999). In an effort to define such circumstances, the *Moe* court analyzed out of state cases. Based upon this analysis, the court concluded that the privilege arises "when the parties need to speak freely and openly about subjects of common organizational or pecuniary interest." *Moe,* 97 Wn.App. at 959. Consistent therewith, the Restatement (Second) Torts § 596 describes the common interest privilege and states:

> An occasion makes a publication conditionally privileged if the circumstances lead any one of several persons having a common interest in a particular subject matter correctly or



BPE LAW GROUP
700 E. Mountain View Ave., Suite 508
Ellensburg, WA 98926
www.bpelaw.com
509-245-0400

> reasonably to believe that there is information that another sharing the common interest is entitled to know.

Here, no legitimate argument can be made that all adjunct faculty members at CWU have common interest in Erdman's conclusions regarding Riera's moral character. No legitimate argument can be made that such conclusions have any bearing on the organizational structure or pecuniary interest of the group of people that comprise the CWU adjunct faculty.

**D. <u>Fault</u>**

The degree of fault and applicable burden of proof in defamation cases turns on whether the plaintiff is a public or private figure. *Caruso,* 100 Wn.2d at 352. If the plaintiff is a public figure, the plaintiff has the burden to establish, by clear and convincing evidence, that the defendant knew that the statement was false or acted with a reckless disregard of its falsity. If the plaintiff is private figure, however, his burden is satisfied with proof of regular negligence by a preponderance of the evidence. *Caruso,*100 Wn.2d at 352.

Here, Riera is a private person and is therefore only required to establish negligence by a preponderance standard.

Dated: September 21, 2026

BPE Law Group

By: ______________________________
Erica A. St. Louis WSBA #28793
*Counsel for Riera*



BPE LAW GROUP
700 E. Mountain View Ave., Suite 508
Ellensburg, WA 98926
www.bpelaw.com
509-245-0400

## PROOF OF SERVICE

I, Erica St Louis, declare as follows:

1. I am over the age of 18 and am an employee of BPE Law Group, counsel of record for Plaintiff Jose Riera in this matter. The other party to this action is:

Ruth Erdman

The foregoing party is represented in this action by:

David L. Force, WSBA #29997
Assistant Attorney General
Attorney General's Office,
Torts Division
800 Fifth Avenue, Suite 2000,
Seattle, WA 98104-3188
206-464-7744

2. On this date, I served all counsel in this action with RIERA TRIAL BRIEF by email transmission to the following email addresses:

TORSeaEF@atg.wa.gov; david.force@atg.wa.gov;
Patty.amori@atg.wa.gov; Rachel.livengood@atg.wa.gov;
eliza.bower@atg.wa.gov; rosie.thompson@atg.wa.gov

I declare, under penalty of perjury, under the laws of the State of Washington that the foregoing is true and correct.

Dated: September 21, 2026

Erica St Louis