FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 29, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JOSE RIERA,

Plaintiff,

v.

RUTH ERDMAN,

Defendant.

No. 1:24-cv-03147-RLP

FINAL JURY INSTRUCTIONS

**FINAL INSTRUCTIONS GIVEN BY THE COURT**

DATED October 29, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

INSTRUCTION NO. 1

Members of the jury, now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case. You will each be given a copy of these instructions for you to consult during your deliberations.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

INSTRUCTION NO. 2

Plaintiff Jose Riera asserts a defamation claim against Defendant Ruth Erdman. Plaintiff Riera contends Defendant Erdman, a lecturer at Central Washington University and member of the faculty senate, made a defamatory statement about him in an email attachment sent to non-tenured faculty alleging he was involved in "an incident of blatant racial profiling."

Plaintiff Riera has the burden of proving his defamation claim by a preponderance of the evidence.

Defendant Erdman denies the claim and asserts the statement was an opinion, was privileged, was factually accurate, and was not defamatory.

INSTRUCTION NO. 3

To establish a claim for defamation, a plaintiff must prove each of the following elements by a preponderance of the evidence:

(1) The defendant made a statement concerning the plaintiff;

(2) The statement was communicated or published to a person other than the plaintiff;

(3) The statement was false;

(4) The statement was not privileged;

(5) The defendant was at fault in making the statement; and

(6) The statement proximately caused damage to the plaintiff.

If the plaintiff has failed to prove any of these elements, your verdict should be for the defendant. If the plaintiff has proved all of these elements, your verdict should be for the plaintiff.

INSTRUCTION NO. 4

For purposes of element one (1) of the defamation claim, a communication "concerns the plaintiff" if viewers, hearers, or readers of the statement will conclude that the plaintiff is the one against whom it is aimed. The identification of the plaintiff must be certain and apparent from the words themselves.

INSTRUCTION NO. 5

For purposes of element three (3) of the defamation claim, when determining whether a statement is false, you must consider whether the statement is one of opinion or fact.

When determining if a statement is opinion, you must consider:

(1) the medium and context in which the statement was published; and

(2) the audience to whom it was published.

In considering the nature of the medium and context in which the statement was published, statements of opinion are expected to be found more often in certain contexts, such as editorial pages or political debates. You should consider the entire article and not merely a particular phrase or sentence.

As to the nature of the audience, in the context of ongoing public debates, the audience is prepared for mischaracterizations and exaggerations, and is likely to view such representations with an awareness of the subjective biases of the speaker. Thus, you should consider whether the audience expected the speaker to use exaggeration, rhetoric, or hyperbole.

If after considering these factors, you determine that the expression is opinion, then you must determine whether the opinion is a pure opinion or is an opinion that implies the existence of undisclosed facts.

A fact is "undisclosed" when the statement suggests that the speaker is privy

to additional information not included in the statement and that such additional information forms the basis of the opinion.

Expressions of pure opinion cannot be false statements, but opinions based on undisclosed false facts can be false statements.

A fact is disclosed if the audience knew the facts underlying the opinion.

INSTRUCTION NO. 6

For purposes of element four (4) of the defamation claim, a privilege, called the "common interest" privilege, protects what would otherwise be a defamatory statement.

The common interest privilege applies when the speaker and the recipient(s) have a common interest in the subject matter of the communication.

The privilege applies to persons involved in the same organization, partnership, association, or enterprise who are communicating on matters of common interest. The privilege arises when parties need to speak freely and openly about subjects of common organizational or financial interest.

You are instructed as a matter of law that the common interest privilege can apply between a member of the Central Washington University Faculty Senate and their constituents.

INSTRUCTION NO. 7

Even when the common interest privilege can apply, it may be lost if it is abused. The privilege is abused if the speaker:

(1) is not acting in the ordinary course of their official responsibility as a member of the privileged organization when making a statement; or

(2) knows the matter communicated is false or acts in reckless disregard as to the truth or falsity of the statement.

"Reckless disregard" means the speaker knew the statement was false, or acted with a high degree of awareness of its probable falsity, or entertained serious doubts as to the statement's truth. This is a subjective inquiry and requires that the defendant have serious doubts as to the truth of the statement and must have been subjectively aware that the statement was probably false. Mere failure to investigate or being mistaken are insufficient to establish reckless disregard.

To establish loss of the common interest privilege, by knowingly communicating a matter that is false or by doing so in reckless disregard for the truth as set forth in (2), above, the plaintiff must satisfy his burden of proof by clear and convincing evidence. Clear and convincing evidence is evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than

the otherwise-applicable proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

INSTRUCTION NO. 8

For purposes of element five (5) of the defamation claim, a defendant is at fault in making a false statement if she acts negligently. Negligence is the failure to exercise ordinary care. It is the doing of some act that a reasonably careful person would not do under the same or similar circumstances or the failure to do some act that a reasonably careful person would have done under the same or similar circumstances.

Negligence is a lesser degree of fault than reckless disregard for the truth. If you find the defendant acted with reckless disregard for the truth, you must conclude that the defendant acted negligently.

INSTRUCTION NO. 9

For purposes of element six (6) of the defamation claim, acts or events alleged to have caused damages may or may not be a “proximate cause” of such damages.

A cause of damages is a proximate cause if it is related to the damages in two ways: (1) the cause produced the damages in a direct sequence, unbroken by any new, independent cause, and (2) the damages would not have happened in the absence of the cause.

There may be more than one proximate cause of damages.

INSTRUCTION NO. 10

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the defamation claim, you must determine the plaintiff's damages. Plaintiff Jose Riera has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff Riera for any injury you find was caused by Defendant Erdman.

In determining the measure of damages, you should consider only the mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture. In considering noneconomic damages, you must not award damages for emotional distress that Plaintiff Riera sustained as a result of pursuing this litigation.

INSTRUCTION NO. 11

When a party has the burden of proving a claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 12

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are admitted into evidence;

(3) any facts to which the lawyers have agreed; and

(4) any facts that I have instructed you to accept as proved.

INSTRUCTION NO. 13

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 14

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

INSTRUCTION NO. 15

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected. If I overruled the objection, the question may have been answered, or the exhibit received. If I sustained the objection, the question could not be answered, and the exhibit could not be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

INSTRUCTION NO. 16

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it

differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 17

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the Court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the Court immediately.

INSTRUCTION NO. 18

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

INSTRUCTION NO. 19

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 20

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer and monitors will be available to you in the jury room.

A court technician will show you how to operate the computer; and how to locate and view the exhibits on the computer. You will also be provided with a paper list of all exhibits received in evidence. If you need additional equipment or supplies or if you have questions about how to operate the computer, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the Courtroom Deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any outside website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data or media from the jury room, and do not copy any such data.

INSTRUCTION NO. 21

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 22

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the Court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

INSTRUCTION NO. 23

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.